21 F.3d 426
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene Harrington RUSSELL, Defendant-Appellant.
 No. 93-5407.
 United States Court of Appeals, Fourth Circuit.
 Argued March 11, 1994.
Decided April 22, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, District Judge. (CR-92-536-4)
 John Herman Hare, Asst. Fed. Public Defender, Columbia, SC, for appellant.
 Alfred William Bethea, Jr., Asst. U.S. Atty. (J. Preston Strom, Jr., U.S. Atty., on brief), Florence, SC, for appellee.
 D.S.C.
 AFFIRMED.
 Before WILKINSON and WILLIAMS, Circuit Judges, and BRINKEMA, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Eugene Harrington Russell was found guilty of possession of cocaine with intent to distribute, in violation of 21 U.S.C.A. Secs. 841(a)(1), (b)(1)(B) (West 1981 & Supp.1993). Russell appeals, claiming that the district court improperly denied his motion to suppress the cocaine recovered from his vehicle during a search because consent to the search was not voluntary. Finding no clear error, we affirm.
 
 I.
 
 2
 On October 6, 1992, Russell was stopped for speeding on Interstate Highway 95 by South Carolina Highway Patrol Trooper James Benjie Andrew. The trooper requested and received Russell's driver's license, and then instructed Russell to get out of his car. Russell was frisked and directed into the trooper's vehicle, where the trooper wrote him a warning ticket for speeding. After issuing the ticket, the trooper told Russell that he was free to go. Before he had exited the patrol vehicle, the trooper asked Russell if "he ha[d] anything illegal in his car" and Russell responded that he did not. (J.A. at 11-12.) The trooper then asked Russell if he could search Russell's car, explaining the consent to search form to Russell, and telling Russell that "he had the right to refuse the search." (J.A. at 26.) Nonetheless, Russell signed the consent form and the trooper searched Russell's car. During the search, the trooper found cocaine, and Russell was charged with possession of cocaine with intent to distribute.
 
 
 3
 Before trial in the district court, Russell filed a motion to suppress the cocaine, arguing that his consent to the search of his vehicle was not voluntary. The district court denied Russell's motion to suppress, and a jury found him guilty of the aforementioned charges.
 
 
 4
 On appeal, Russell argues that he did not voluntarily consent to a search of his vehicle. Russell concedes that the trooper made a legal traffic stop and properly gave him a warning ticket. However, he contends that once the ticket was issued, the purpose of the stop was accomplished and further detention and questioning was illegal. Moreover, Russell argues that although he signed the consent form, the search was not voluntary because the trooper failed to inform him that he was free to go if he refused to consent to the search.
 
 II.
 
 5
 When reviewing a district court's determination of a suppression motion, we evaluate the court's legal conclusions de novo and apply the clearly erroneous standard to the factual findings underlying those legal conclusions. United States v. Rusher, 966 F.2d 868, 873 (4th Cir.), cert. denied, 113 S.Ct. 351 (1992)." The determination that a defendant has voluntarily consented to a search is a finding of fact," United States v. Hummer, 916 F.2d 186, 189 (4th Cir.1990), cert. denied, 499 U.S. 970 (1991), so the district court's finding of voluntariness in this case must be upheld unless it is clearly erroneous.*
 
 
 6
 The Supreme Court has held that a person may waive the Fourth Amendment's warrant requirement by consenting to a search by law enforcement officers. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). However, the consent must be voluntary, and "[v]oluntariness is a question of fact to be determined from all the circumstances." Id. at 248-49.
 
 
 7
 The district judge heard the testimony and arguments at the suppression hearing, made credibility determinations as to the conflicting testimony, and found that Russell voluntarily consented to the search.
 
 
 8
 The record shows that the trooper lawfully stopped Russell because he was speeding. The trooper asked Russell for consent to search his vehicle, and Russell, who was educated and could read and write, signed the consent form provided to him by the trooper. The consent form stated, in part, that Russell "ha[d] not been threatened in any way to force ... [him] to give [his] voluntary consent" and that he understood his "right to refuse the search of[his] vehicle." (J.A. at 68.) Also, the trooper told Russell that he had a right to refuse the request for consent. Moreover, the entire episode took approximately fifteen minutes, certainly not an inordinate or unreasonable amount of time. Therefore, based on the totality of the circumstances, the district court's finding that Russell voluntarily consented to the search was not clearly erroneous.
 
 AFFIRMED
 
 
 *
 Although Russell acknowledges that we review a district court's determination on the issue of consent to a search under the clearly erroneous standard, he argues that a de novo standard is more appropriate and he urges this court to adopt that standard. Even if we found that his argument had merit, which we do not on the facts of this case, such a standard would be a momentous break with our precedent, which could only be adopted by our en banc court. See United States v. Guglielmi, 819 F.2d 451, 457 (4th Cir.1987), cert. denied, 484 U.S. 1019 (1988)